## Chicago City Railway Co. v. Bartholomew Cooney.

1. INSTRUCTION—*Must Have Support in the Evidence.*—An instruction which permits the jury to include elements of damages for which there is no support in the evidence can not be safely said not to have been prejudicial to the adverse party.

**Trespass on the Case,** by a husband for the loss of the companionship and aid of his wife. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1900. Affirmed upon a remittitur, as suggested, otherwise reversed and remanded. Opinion filed June 20, 1901. Reversed and remanded July 2, 1901. Rehearing denied July 18, 1901.

Mr. Justice WINDES dissenting.

**Statement.**—This suit was brought by appellee, Bartholomew Cooney, to recover his damages by reason of loss of "companionship and aid" of Ellen Cooney, his wife, and "expense in attempting to have her cured of ailments," all of which, it is alleged, resulted from personal injury sustained by said Ellen Cooney through negligence of appellant. Ellen Cooney was injured while attempting to alight from a street car of the appellant company, upon which car she was a passenger. A suit was also brought by Ellen to recover her damages, and an appeal from a judgment in her favor was considered and disposed of by this court. The facts as recited in the opinion of the court upon that appeal apply equally here, and that decision may be

here referred to in lieu of a detailed statement of facts. C. C. Ry. Co. v. Cooney, 95 Ill. App. 471.

Upon the trial of this cause a verdict was returned for appellee, assessing his damages at $500. From judgment thereon this appeal is prosecuted.

WILLIAM J. HYNES and SAMUEL S. PAGE, attorneys for appellant; MASON B. STARRING, of counsel.

ROSENTHAL, KURZ & HIRSCHL, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

Aside from matters considered and disposed of (favorably to appellee) upon the appeal in the suit of Ellen Cooney, there is but one question which requires determination upon this appeal, viz.: Did the evidence warrant a recovery by appellee for expenditures for medical services? We are of opinion that it did not. There is evidence as to the amount actually expended by appellee in this behalf, but there is no evidence whatever that such expenditures were the ordinary and reasonable cost of such medical services as were procured. Appellant preserved its exception to the introduction of the testimony. The court, by the ninth instruction, permitted the jury to include these items in their assessment of the damages, without any limitation as to the reasonable cost of the same. The amounts expended by appellee for these purposes aggregate $300. It is impossible to determine from the record how much thereof was a reasonable expense. It is also impossible to determine that the jury did not allow the $300 which appellee had paid out for medical services as a part of their award of damages.

The error in the giving of the ninth instruction, by which the jury were permitted to include elements of damages for which there was no support in the evidence, can not be safely said not to have been prejudicial to appellant. Therefore the judgment can not be permitted to stand in its entirety. If the appellee shall remit from the judgment the amount of $300 within ten days, the judgment will be affirmed. Otherwise it will be reversed and the cause will

be remanded. In either event appellant will recover its costs. Reversed and remanded July 2, 1901.

MR. JUSTICE WINDES:

Notwithstanding the errors mentioned in the majority opinion, I think the evidence, aside from that relating to appellee's expenses, sustains the amount of the judgment; that substantial justice is done, and that the judgment should be affirmed.